IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MICHAEL DEWAYNE BOTTOMS                                              PETITIONER
Reg. #47373-177

V.                              NO. 2:16CV00047-JTR

C V RIVERA, Warden                                                   RESPONDENT
FCI-Forrest City

# MEMORANDUM AND ORDER

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Michael Dewayne Bottoms ("Bottoms"), an inmate in the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"). *Doc. 2*. Before addressing the merits of Bottoms's habeas claims, the Court will review the relevant procedural history of the state and federal proceedings that give rise to his argument that federal sentencing court and the Bureau of Prisons ("BOP") committed errors in imposing and calculating his sentence.

## I. Background

On July 16, 2012, Bottoms was arrested by Texas state authorities in Fort Worth (Tarrant County) for theft of property. On July 25, 2012, he received a two-year sentence on the theft charge. *Doc. 9-1 ¶¶ 14-15; Docs. 9-5 & 9-6.* In August

2012, Bottoms entered the Texas Department of Criminal Justice ("TDCJ") to serve this two-year sentence. *Doc. 9-12, at pp. 6-7*.

On July 24, 2013, while he was still serving his two-year sentence for theft in the TDCJ, Erath County, Texas authorities took custody of him on charges he had fraudulently used or possessed identifying information, in Erath County Case No. CR13970. On July 26, 2013, Bottoms pled guilty to the fraud charge in Erath County and was sentenced to seven years of imprisonment in the TDCJ. *Doc. 9-1 ¶¶ 16-17; Docs. 9-5, 9-6 & 9-7*. At the time of his sentencing, the Erath County state court credited Bottoms's seven-year sentence with an "incarceration period ... [f]rom 8/8/2012 to 7/26/2013." *Doc. 9-7*.

On August 14, 2013, while Bottoms was incarcerated in Texas state prison, a federal grand jury in the Northern District of Texas returned an indictment charging him with production and use of a counterfeit access device, in violation of 18 U.S.C. §§ 2 and 1029. *United States v. Bottoms, et al.*, N.D. Tex. No. 4:13CR00147-A-2, *at docket entry 1* (*Doc. 9-8*). This federal charge appears to have been based on the same criminal conduct that led to Bottoms's Erath County state fraud conviction.

On November 12, 2013, the United States Marshals Service ("USMS") "borrowed" Bottoms from state custody, via a writ of habeas corpus *ad*

*prosequendum*, so that he could be prosecuted on the pending federal criminal charge.[1] *Id. at docket entries 16 & 25; Doc. 9-9.*

On December 13, 2013, Bottoms pleaded guilty to the federal charge pending in the Northern District of Texas. On March 28, 2014, he was sentenced to 72 months in the BOP, to run concurrently with the seven-year state sentence imposed in Erath County Case No. CR 13970. *Doc. 9-10.*

The sentencing court credited Bottoms's federal sentence, pursuant to U.S.S.G. § 5G1.3(b)(1) & (2),[2] with three months and 19 days for time already served on the "related" Erath County case. *Id. at p.3*. Although the dates were not specified in the

---

[1] When a prisoner is in state custody, serving a state sentence, and is transferred to the custody of federal authorities, pursuant to a writ of habeas corpus *ad prosequendum*, he remains subject to the state's "primary jurisdiction" and is temporarily "on loan" to federal authorities for purposes of his federal prosecution. *Elwell v. Fisher*, 716 F.3d 477, 482 (8th Cir. 2013); *United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005). Primary jurisdiction "continues until the first sovereign relinquishes its priority in some way." *Cole*, 416 F.3d at 897 (relinquishment generally occurs in one of four ways: release on bail; dismissal of charges; parole; or expiration of sentence).

[2] In pertinent part, § 5G1.3 states the following:

    (b)    If ... a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction ..., the sentence for the instant offense shall be imposed as follows:

    (1)    the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

    (2)    the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

Judgment, or during the federal sentencing hearing, it appears that this credit was for the period from July 24, 2013 (the day he was taken into custody on the Erath County state charge) through November 12, 2013 (the day he was "borrowed" by the USMS pursuant to a writ of habeas corpus *ad prosequendum*).[3] Thus, Bottoms was committed to the BOP for a term of 68 months and 11 days. *Id.*

During the federal sentencing hearing, Bottoms argued that he was entitled to 15 months and eight days of credit on his federal sentence for the time he spent in state custody from August 8, 2012 through November 12, 2013. He argued that he was "arrested" and "taken into custody" on the Erath County charge on August 8, 2012 and remained continuously in state custody, on that charge, until he was taken into USMS custody on November 12, 2013. *Doc. 9-12, at pp. 3-4*. The federal sentencing court rejected that argument based on the presentence report,[4] which showed that: (1) Bottoms entered the TDCJ "on or about" August 13, 2012, on the *unrelated* state theft conviction from Tarrant County, *not* on August 8, 2012; and (2) Bottoms was not taken into state custody on the Erath County fraud charge until July 24, 2013. *Id. at*

---

[3] These dates are consistent with the sentencing court's calculation of three months (July 24 through October 24) and 19 days (October 25 through November 12). These are also the dates that the United States characterized, in its brief in Bottoms's direct appeal, as having been credited to his federal sentence. *See United States v. Bottoms*, 5th Cir. No. 14-10387, 2015 WL 309098, at *5, 12-13 (Appellee's Brief).

[4] The presentence report has not been provided in this § 2241 proceeding.

*pp. 4-7.* Because Bottoms presented no evidence to controvert the presentence report, the federal court determined that he was only entitled to three months and 19 days of credit on his federal sentence, from July 24, 2013, through November 12, 2013.[5] *Id. at pp. 3-7.*

On April 8, 2014, the USMS returned Bottoms to state prison authorities in Texas, which had retained primary jurisdiction over him throughout the time he was in temporary federal custody. *Doc. 9-9.*

Bottoms appealed his federal sentence arguing, *inter alia*, that the sentencing court erred in failing to give him credit for the time he was in state custody (15 months and eight days) from "August 8, 2012" through November 12, 2013. *Doc. 9-13*. Of course, in making that argument, Bottoms failed to acknowledge that the incarceration period for which he sought credit was attributable to two different charges from two different state criminal proceedings. As discussed, in August 2012, Bottoms entered the TDCJ to serve the two-year sentence he received for theft in Tarrant County. On July 24, 2013, he was taken into custody on the Erath County fraud offense and, two

---

[5]Bottoms's contention, that he was taken into custody on the Erath County charge on August 8, 2012, is supported to some extent by the Erath County Judgment of Conviction, which shows "Time Credited" on the seven-year sentence for an "incarceration period ... [f]rom 8/8/2012 to 7/26/2013." *Doc. 9-7*. However, Bottoms did *not* present this Judgment to the federal sentencing court at the time of sentencing, or to the Fifth Circuit in his direct appeal. Because all of Bottoms's § 2241 habeas claims are procedurally defaulted or fail on the merits, the date discrepancy is *not* material and need not be resolved in this proceeding.

days later, he was sentenced to seven years in the TDCJ for that offense. It was this fraud conviction that later gave rise to the federal fraud charge. Thus, at his federal sentencing on March 28, 2014, the Court only gave Bottoms credit on his federal sentence for "three months and 19 days," which is the time he had served in the TDCJ on the Erath County fraud charge, July 24, 2013 through November 12, 2013 (the date he was transferred to the temporary custody of the USMS). In his appeal to the Fifth Circuit, Bottoms again failed to present any evidence to support his claim that he was in state custody on the "related" Erath County offense as of August 8, 2012.

On May 26, 2015, the Fifth Circuit Court of Appeals affirmed Bottoms's sentence, holding that the District Court did not err in calculating the amount of credit Bottoms was entitled to receive on his federal sentence. *United States v. Bottoms*, 602 F. App'x 1019, 1021 (5th Cir. 2015) (*Doc. 9-14*). The Fifth Circuit subsequently denied Bottoms's petition for rehearing. *Doc. 9-15*.

On June 23, 2015, Bottoms was granted parole by the State of Texas and released to the custody of the USMS. He was transported to the BOP to begin serving the balance of his federal sentence. *Doc. 9-4; Doc. 9-9, at p.3*.

To effectuate the federal sentencing court's order that Bottoms's federal sentence was to run concurrently with his Erath County state sentence, the BOP: (1) calculated his federal sentence as commencing on March 28, 2014, the date it was

imposed; and (2) designated the Texas state prison in which Bottoms was incarcerated as the place where he also was deemed to have begun serving his federal sentence, as of March 28, 2014. *Doc. 9-1 ¶ 25; Doc. 9-11*. The BOP's calculation gave Bottoms *no credit* for the time he was in the primary jurisdiction of the State of Texas before March 28, 2014. *Doc. 9-11, at p.3.* As a result, the BOP calculated Bottoms's "projected satisfaction date" to be March 15, 2018. *Id.*

On or about January 4, 2016, Bottoms submitted a grievance, through the BOP's administrative remedy program, asserting that he "was missing credit time for time spent [November 12, 2013 through March 28, 2014] ... in Federal custody awaiting [federal] sentencing." *Doc. 9-17, at p.3*. When the unit manager denied his initial request, Bottoms appealed to the FCI-FC warden. On January 29, 2016, the warden denied his appeal, notifying Bottoms of his right to appeal to the Regional Director within twenty days. *Id. at pp. 2, 4-5.* According to the BOP's records, Bottoms did *not* appeal. *Doc. 9-1 ¶ 36; Doc. 9-16.*

Importantly, Bottoms's administrative grievance *did not mention* the period from August 8, 2012 to July 26, 2013, nor did he file any other grievances complaining that he was denied credit for that period. *Doc. 9-1 ¶ 37; Docs. 9-16 & 9-17.*

On April 1, 2016, this § 2241 habeas action was filed in the Eastern District of

Arkansas.[6] In his Petition, Bottoms argues that the BOP has denied him a "*nunc pro tunc* designation" and "refused to give [him] jail credit" for two periods: (1) "August 8, 2012 to July 26, 2013,"[7] when he was serving his state sentences in a state prison; and (2) November 12, 2013 to March 28, 2014, when he was in the temporary custody of the USMS awaiting the disposition of the charges in the federal indictment. *Doc. 2*. Bottoms also argues that the federal sentencing court erred in failing to fully credit him with both periods of time when it imposed his sentence.[8] *Doc. 12*.

Respondent argues that: (1) Bottoms has failed to exhaust the BOP's administrative remedy process as to his claims; (2) the BOP has properly calculated his federal sentence; and (3) a § 2241 action is not the appropriate vehicle for raising claims of sentencing court error. *Doc. 9*.

## II. Discussion

---

[6]Bottoms initially filed a "Motion to Request Jail Credit Nunc Pro Tunc" in his criminal case in the Northern District of Texas. *United States v. Bottoms, supra at docket entry 148*. The Court construed the filing as a § 2241 habeas action. Because Bottoms was incarcerated in FCI-FC in the Eastern District of Arkansas, the case was transferred to this Court.

[7]It is unclear why Bottoms requests credit through July 26, 2013. As discussed, the federal sentencing court credited Bottoms's federal sentence with the period from July 24, 2013 through November 12, 2013.

[8]According to the Northern District of Texas records, Bottoms has never filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

## A. **Bottoms is Procedurally Barred from Pursuing His Claim that the BOP Improperly Calculated His Sentencing Credits**

A prisoner who files a § 2241 habeas action challenging BOP actions must first exhaust the "administrative procedures which provide a real possibility for relief." *Willis v. Ciccone*, 506 F.3d 1011, 1014-15 (8th Cir. 1974); *see also Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (dismissing prisoner's § 2241 challenge to execution of his federal sentence because he "failed to exhaust his administrative remedies within the [BOP]").[9]

The BOP's administrative review program[10] specifically authorizes prisoners to challenge the computation of their prior custody credits. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2016). In addition, it allows a prisoner to raise a claim that his federal and state sentences should run concurrently by requesting a *nunc pro tunc*

---

[9]Administrative exhaustion promotes four objectives: "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level." *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976).

[10]This program allows a federal prisoner to seek "review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Initially, he must try to resolve the issue informally with institutional staff. *Id.* § 542.13(a). If no resolution is reached, he must submit a formal written administrative remedy request, to which the warden must respond within twenty calendar days. *Id.* §§ 542.14(a), 542.18. If dissatisfied with the warden's response, he must appeal to the appropriate Regional Director, who is obligated to respond within thirty calendar days. *Id.* §§ 542.15, 542.18. If dissatisfied, he must take a final appeal to the National Inmate Appeals Administrator, Office of General Counsel, who is obligated to respond within forty calendar days. *Id.* It is mandatory that a prisoner must exhaust *all* of these administrative steps *before* he seeks relief in federal court in a § 2241 action.

designation from the BOP. *See* BOP Program Statement 5160.05, at p.5 (BOP "considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a *nunc pro tunc* designation").

After properly and fully exhausting all available administrative remedies, an inmate may seek judicial review of the BOP's decision in a § 2241 habeas action. *Tindall*, 455 F.3d at 888 ("Prisoners are entitled to administrative review of the computation of their credits, ... and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241."); *Mathena*, 577 F.3d at 946 (to satisfy exhaustion requirement for a § 2241 habeas petition challenging the BOP's failure to calculate an inmate's federal and state sentences as running concurrently, inmate must make a *nunc pro tunc* designation request to the BOP under Program Statement 5160.05).

First, Bottoms argues that the BOP failed to give him credit for the time he spent in state custody, "from August 8, 2012 to July 26, 2013." To rebut that argument, Respondent has attached documents to his Response, including a sworn Affidavit from Alan Ray, a management analyst for the BOP's Designation and Sentence Computation Center. In his Affidavit, Mr. Ray states that Bottoms: (1) has never filed *any* administrative remedies seeking credit for this time on his federal sentence; and (2) has never requested the BOP to make a *nunc pro tunc* designation

that would allow him credit on his federal sentence for this time. *See Doc. 9-1 ¶ 37; Docs. 9-16 & 9-17.* Bottoms has not provided the Court with anything to controvert those statements in Mr. Ray's Affidavit.[11]

Second, Bottoms argues that the BOP erroneously failed to give him credit for the time he was "on loan" to the USMS (November 12, 2013 to March 28, 2014), awaiting the final disposition of his federal charge. In connection with that time, Mr. Ray's Affidavit establishes the following: (1) Bottoms submitted an initial request for administrative remedy to obtain credit for this time; (2) he received a response from the unit manager denying the request; and (3) he then unsuccessfully appealed the unit manager's decision to the FCI-FC warden, who denied his appeal on January 29, 2016. *Doc. 9-1 ¶¶ 34-36; Doc. 9-17.*

Importantly, Mr. Ray's uncontroverted Affidavit establishes that, after unsuccessfully appealing to the FCI-FC warden, Bottoms did *not* complete the exhaustion process by appealing to the Regional Director, and, if unsuccessful, appealing to the Office of General Counsel, as required by 28 C.F.R. § 542.15. Administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*,

---

[11]While Bottoms did make arguments he should receive credit for this time with the federal sentencing court and the Fifth Circuit, he cannot use those arguments, which were made in a judicial forum, to excuse his failure to raise that claim directly with the BOP, in its administrative review program, and then exhaust his administrative remedies.

548 U.S. 81, 90 (2006).

The BOP's records and Mr. Ray's Affidavit, all of which are uncontroverted, establish that Bottoms did *not* file an administrative grievance seeking credit for the time he was in state custody "from August 8, 2012 to July 26, 2013." Similarly, those documents establish that Bottoms failed to complete the administrative appeal process in connection with his claim that he was entitled to credit for the time he was in the temporary custody of the USMS between November 12, 2013 and March 28, 2014.[12]

Accordingly, Bottoms is procedurally barred from pursuing his claims that the BOP erred in computing his sentencing credits.[13]

### B.   This Court Lacks Jurisdiction to Consider Bottoms's Claims of Error by the Sentencing Court

Generally, a challenge to the lawfulness of a federal conviction and sentence must be made in § 2255 motion filed with the sentencing court. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *see* 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or

---

[12] Bottoms's argument that he "subjectively believed" any further attempts to appeal the FCI-FC warden's decisions would have been "futile" cannot serve as a basis for excusing his failure to exhaust his administrative remedies.

[13] *See Hach v. Anderson*, 191 F. App'x 511, 512 (8th Cir. 2006) (federal prisoner procedurally defaulted his § 2241 habeas claims by failing to timely exhaust his BOP administrative remedies); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 633-34 (2d Cir. 2001) (prisoner's § 2241 habeas claims were procedurally defaulted because he "did not fully pursue the appropriate administrative channels" within the BOP).

correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

A federal court in the district of incarceration can entertain a 28 U.S.C. § 2241 habeas petition challenging the validity of a conviction or sentence only if "*it also appears that the remedy by [§ 2255] motion [to the sentencing court] is inadequate or ineffective to test the legality of his detention.*" § 2255(e) (emphasis added). A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Lopez-Lopez*, 590 F.3d at 907. The Eighth Circuit has made it clear that the "inadequate or ineffective remedy" exception is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002).

While Bottoms currently is incarcerated in a BOP facility located in the Eastern District of Arkansas, his § 2241 claim that the sentencing court failed to properly and fully "adjust" his sentence, under U.S.S.G. § 5G1.3(b), is a challenge to the *validity* of his federal sentence. *See Gravitt v. Veach*, 229 F. App'x 417, 418-19 (7th Cir. 2007) (inmate's contention that the sentencing court "misapplied" § 5G1.3 "attacks

the imposition, not the execution, of his federal sentence" and must be brought under § 2255 or on direct appeal); *Savage v. Zickefoose*, 446 F. App'x 524, 525-26 (3d Cir. 2011) (inmate must proceed under § 2255, not § 2241, with claims that the sentencing court should have imposed concurrent terms under § 5G1.3(b)).

As previously noted, Bottoms appealed his federal sentence, arguing that the sentencing court failed to credit his sentence, pursuant to § 5G1.3(b), for part of the period of time now in question. However, he has never filed a § 2255 motion in the sentencing court. While such a § 2255 motion may now be "untimely," this does *not* render that remedy "inadequate" or "ineffective" sufficient to allow Bottoms to utilize § 2241 to challenge his sentence. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (to establish inadequacy or ineffectiveness, a prisoner must demonstrate "more than a procedural barrier to bringing a § 2255 petition," such as "allow[ing] the one year statute of limitations ... to expire).[14]

For this Court to exercise jurisdiction over Bottoms's claim that the sentencing court erred in imposing his sentence, he must demonstrate that filing a § 2255 motion

---

[14]Specifically, the § 2255 remedy is not inadequate or ineffective merely because: (1) the claim already has been raised and rejected in a § 2255 proceeding; (2) the sentencing court failed to fully or adequately address a § 2255 claim; (3) the petitioner has been denied permission to file a second or successive § 2255 motion; or (4) a § 2255 motion would be barred as successive or untimely. *Lopez-Lopez,* 590 F.3d at 907; *Hill*, 349 F.3d at 1091; *see* § 2255(f) (federal defendant generally has one year from "the date on which [his] judgment of conviction becomes final" to file a § 2255 motion); § 2255(h) (setting forth restrictions on successive § 2255 motions).

with the sentencing court is an inadequate or ineffective remedy. Because he has not and cannot do so, this Court lacks subject matter jurisdiction over Bottoms's habeas claim of sentencing court error. *See Hill*, 349 F.3d at 1091-93; *DeSimone*, 805 F.2d at 323-24.

### III. Conclusion

IT IS THEREFORE ORDERED THAT this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, *Doc. 2*, is DENIED, and the case is dismissed, without prejudice.

DATED this 15th day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE